LORENZO J. DÁVILA, Petitioner, *v.* DISTRICT COURT OF PONCE, Respondent.

No. 604. Argued March 26, 1928.—Decided May 4, 1928.

*Arjona & Arjona* for the petitioner. *V. Zayas Pizarro* for the defendant in the principal action.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

At a public sale in a mortgage foreclosure proceeding brought in the District Court of Ponce Lorenzo Dávila acquired the mortgaged property and the marshal of that court executed the corresponding deed to Dávila as grantee, and, as the mortgagors did not vacate the property, Dávila brought an action of unlawful detainer against them in the District Court of Ponce and recovered judgment in his favor.

An appeal was taken from that judgment and the Supreme Court modified it by holding that the plaintiff should recognize the defendant's right of homestead in the property publicly sold and ordering that if the parties could not agree on the segregation of the homestead they should apply to the District Court of Ponce for an adjustment of the disagreement.

It appears from the return in this case that the parties, Lorenzo J. Dávila, Antonio Sotomayor and Gerónima Pizarro, filed in the district court on October 4, 1926, a mutual agreement, each party naming experts to select the house and ground which should constitute the homestead and binding themselves to execute the deed of conveyance. That stipulation was approved by the court.

On October 27, 1926, plaintiff Dávila presented to the court an objection to the order of arbitration on the ground that he had never had notice of the approval by the court of the stipulation appointing arbitrators and therefore had not notified the one named by him; that the arbitrators were not notified by any official, but only by the defendant, and they proceeded in the matter in the absence of the plaintiff, unlawfully and in excess of their commission, because they set apart a parcel of land of seven acres and a house for the homestead which infringes the rights of the plaintiff for the reason that the house is worth $500 and the land has a value of $60 per acre.

On the same date, October 27, 1926, the defendant moved the court to approve the award of the arbitrators and order that the deed of conveyance be executed.

The court heard the motion and on November 22, 1926, dismissed the objections to the arbitration, affirmed the award, ordered the execution of the deed of conveyance and that in case of refusal by the plaintiff to comply, it should be executed by the marshal of the district court, in which case the costs, expenses and attorney's fees should be imposed on the plaintiff. From that order the plaintiff appealed

to this Supreme Court which affirmed the order on May 18, 1927.

On June 7, 1927, the defendant suggested the death of Gerónima Pizarro and her succession by her children, asking that the name of Gerónima Pizarro be substituted by those of the said children. The court granted the motion.

On June 10, 1927, the plaintiff moved that the homestead be declared extinguished on the ground that the children and heirs of Gerónima Pizarro were over 21 years of age and not entitled to the benefit of homestead.

On June 13, 1927, the defendant moved the court for execution of the judgments entered in the case and, as the plaintiff had not executed the deed, to direct the marshal to execute the judgments. To this effect the court ordered on the 13th of the same month and year that a writ of execution be issued to the marshal to be effective if the plaintiff should fail to comply with the order.

On June 8, 1927, the defendant submitted a memorandum of costs containing items of $3 as compensation to witnesses and $200 as attorney's fees. On the 13th of the same month and year the plaintiff opposed the memorandum, alleging that he was not obliged to pay costs; that the amount fixed as attorney's fees was excessive and improper because it did not represent the value of the service; that the amount of $3 as compensation to witnesses was improper and not demandable of the plaintiff, and that the court had no jurisdiction to consider and approve the memorandum.

On the same day, June 13, the plaintiff filed another motion for reconsideration of the order of execution.

The defendant opposed the motion regarding the termination of the homestead.

On June 16, 1926, plaintiff Dávila was notified by the clerk of the court to execute the deed of conveyance of the property constituting the homestead and that notary Teissoniere had been designated for that purpose, setting June 17 at 2 in the afternoon. The plaintiff failed to appear in

the notary's office to execute the deed and it was executed by the marshal on June 18, 1927.

As shown by the return, the hearing on the motion regarding the memorandum of costs was held on January 9, 1928, and on the 13th of the same month the court approved the memorandum, its ruling having been notified to the parties on the same 13th of January. The defendant moved that the plaintiff deposit the amount of the costs and the plaintiff was notified to that effect with a warning that if he did not deposit the amount, a writ of execution therefor would be issued. On the 1st of March, 1928, the defendant moved for a writ of execution, which was issued, and the marshal levied on, as the property of the plaintiff, a lot and a sum of money apparently amounting to $213.12 deposited in the Ponce branch of the Royal Bank of Canada in the name of the plaintiff.

It appears also that on February 1, 1928, the plaintiff moved the court to set aside the orders of November 22, 1926, and January 13, 1928, imposing the costs on the plaintiff and approving the memorandum of costs, and on March 3, 1928, the plaintiff filed another motion to stay the execution of the order on costs because the plaintiff had a petition in certiorari pending before this court. On March 7, 1928, the same party moved the district court to annul the execution proceedings for the costs.

This is what appears from the record.

The plaintiff filed in this court a petition for a writ of certiorari on February 25, 1928, alleging that the order of the District Court of Ponce approving the memorandum of costs and the demand made by the clerk of that court for payment of the costs are void because the court granted the costs to the defendants in an incidental matter for the determination of homestead which was a part of the execution of a judgment of the Supreme Court modifying another, and in neither of them had the costs been imposed on the plaintiff, and that as the determination of the homestead involved

only $500, the District Court of Ponce had no jurisdiction to allow attorney's fees, in accordance with section 327 of the Code of Civil Procedure which permits the granting of attorney's fees only in cases in which the amount in litigation exceeds $500. The appeal was heard by this court on March 26, 1928.

Beginning with the last allegation of the appellant or petitioner, we find that in section 327 of the Code of Civil Procedure the following words appear:

"In all cases where costs have been allowed to one party in an action or proceeding, if the subject matter exceeds five hundred dollars, said party shall be entitled to receive from the defeated party the amount of fees due the former's attorney for his services."

This is a part of the text of the section as amended by Act No. 12 of 1908; but Act No. 38 of 1917, which amended that section in its pertinent part reads as follows:

"In all cases where costs have been allowed to one party in an action or proceeding in a district court, said party shall, in the discretion of the district court, be entitled to receive from the defeated party an amount representing the value of the services of his attorney or a part of such amount."

It has been held by this court that it was the intention of the Legislature to repeal the laws that were incompatible with section 327 as amended. In the case of *Nicot v. Valdecilla et al.,* 29 P.R.R. 495, this court said:

" . . . section 327 of the Code of Civil Procedure was amended by Act No. 38 of April 12, 1917, excluding the former requirement that attorney fees should not be allowed in an action or proceeding unless the amount in controversy exceeded $500."

Hence, the petitioner errs in invoking section 327 of the Code of Civil Procedure. It is not a case, as alleged by the petitioner, of lack of jurisdiction on the part of the district court to allow costs.

As regards the other ground, the petitioner sets up a wrong premise. From the record in the present case, which

constitutes the return, it appears clearly that when the award was objected to by the plaintiff the District Court of Ponce overruled the objection on November 22, 1926, and ordered the conveyance of the house and land by means of a deed, and that if the plaintiff should refuse to do so, it should be done by the marshal and in that case with costs, expenses and attorney's fees on the plaintiff. The plaintiff appealed from that order, and this court affirmed it on May 18, 1927, 36 P.R.R. 701. The matter of costs does not appear to be mentioned in the opinion; nor does it appear that that was one of the errors assigned by the appellant. The order was affirmed and we do not find any reason for excepting any part of it from the effects of the affirmance.

The subsequent orders of the court are based on the declaration made in that order which was affirmed on appeal.

The petition is denied and the writ discharged.

Mr. Justice Aldrey dissented.